UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NYU LANGONE HOSPITALS,

        *Plaintiff,*

-against-

AETNA HEALTH, INC., on behalf of itself and its Affiliates,

        *Defendant.*

Case No. 1:24-cv-04384-PKC

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

---

Plaintiff NYU Langone Hospitals and Defendant Aetna Health, Inc. (each a "Party" and, collectively, the "Parties") in the above-captioned action (the "Litigation") have agreed to the terms of this Order. Accordingly, it is ORDERED:

    **1.**    **Scope**. All documents produced in the course of discovery in this Litigation, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "<u>Documents</u>"), shall be subject to this Order concerning confidential information as set forth below.

    Certain documents to be produced in discovery in the Litigation may contain confidential information, including trade secrets, confidential agreements, commercially sensitive, or proprietary information, the disclosure of which may be prejudicial to the interests of a Party, and/or protected health information, including non-party individuals' protected health information, deemed private under state and federal law, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and regulations promulgated thereunder ("HIPAA") and/or any other applicable state laws and regulations. Such information is referred to herein as "<u>Confidential Information</u>" or "<u>Confidential Health Information</u>." Confidential

4864-3820-5143v.2

Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to HIPAA (see 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a. names;
    b. all geographic subdivisions smaller than a State, including stree address, city, county, precinct, and zip code;
    c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
    d. telephone numbers;
    e. fax numbers;
    f. electronic mail addresses;
    g. social security numbers;
    h. medical record numbers;
    i. health plan beneficiary numbers;
    j. account numbers;
    k. certificate/license numbers;
    l. vehicle identifiers and serial numbers, including license plate numbers;
    m. device identifiers and serial numbers;
    n. web universal resource locators ("URLs");
    o. internet protocol ("IP") address numbers;
    p. biometric identifiers, including finger and voice prints;
    q. full face photographic images and any comparable images; and/or
    r. any other unique identifying number, characteristic, or code.

The Parties may, however, produce certain Confidential Information for use in the Litigation subject to the terms of this Protective Order. In this Protective Order, the terms "counsel" and "counsel of record" shall mean the attorneys of record representing the respective Parties to this Litigation.

    **2.**    **Documents Which May be Designated CONFIDENTIAL.** Any Party may designate documents and information produced herein as CONFIDENTIAL upon making a good

faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL. The Parties agree that documents which contain protected health information, including non-party individuals' protected health information, deemed private under state and federal law, including but not limited to the Health Insurance Portability and Accountability Act of 1996 and regulations promulgated thereunder ("HIPAA") and/or any other applicable state laws and regulations are deemed CONFIDENTIAL and may not be disclosed except as provided herein.

3.  **Documents Which May be Designated ATTORNEYS' EYES ONLY.** No documents or information produced in discovery shall be designated as ATTORNEYS' EYES ONLY except for documents and information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant proprietary, financial or trade secret information, or non-public information that would significantly harm business advantages of the producing or designating Party, and which includes subject matter which is believed to be unknown to the opposing Party or Parties, or any of the employees or representatives of the corporate parties.

4.  **Form and Timing of Designation.**

    a.  **Form.** At any time, a Producing Party may designate all or any part of a Document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to be treated in accordance with the provisions of the Order (the "Designated Material"). Such

designation shall be in writing by placing a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend, watermark, stamp or other appropriate mark on the discovery material itself. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the Information or item warrant protection, the Producing Party, to the extent practicable, shall identify the "Confidential" or "Attorneys' Eyes Only" portions.

    **b.**    **Timing.** The Parties shall use good-faith efforts to designate documents CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents, without waiver of any Party's right to assert a document was erroneously or improperly designated or not CONFIDENTIAL or ATTORNEYS' EYES ONLY.

    **c.**    **Temporary Designation.** By written stipulation the Parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.

   **d.** **Applicability to Third Party Documents.** Notwithstanding the foregoing, upon receipt of any documents from a third party, the Parties shall have fourteen (14) days to designate the third-party documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". During that 14-day period, counsel will not disclose the discovery materials to the Parties. To permit each Party the opportunity to timely designate materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", the Parties agree that all materials received by either Party from a third party containing information concerning third party pricing/reimbursement rates or any of the opposing Party's information of the types described in Paragraph 3 must be provided to the opposing Party within three days of receipt.

  5. **Depositions**. Deposition testimony shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Thereafter, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", pending objection, under the terms of this Order.

  6. **Protected Health Information**. Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by HIPAA and the regulations promulgated thereunder at 45 CFR parts 160 and 164. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an

5

individual. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to all attorneys now of record in this matter or who may become of record in the future of this litigation. Pursuant to 45 C.F.R. § 164.512 and subject to the rules of procedure governing this action and without prejudice to any Parties' objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claims at issue in this Litigation, subject to all terms of this Order. All PHI disclosed under this Order must be designated as Confidential Information under Paragraphs 2 and 3 above. This Order does not authorize the disclosure of PHI under any other circumstances.

7. **Specific Provisions Concerning Disclosure of PHI**. When PHI is disclosed between the Parties as authorized by this Order, the names, dates of birth and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this Litigation, the receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, 45 C.F.R. § 164.500, et seq., and any other relevant state or federal law. Such measures may include filing PHI under seal and redacting patient names, dates of birth and Social Security numbers from documents containing PHI.

4864-3820-5143v.2

8.  **Protection of Confidential Material.**

   a.  **General Protections.** Documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in Paragraph 17 other than for the purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation; or to prepare for and to conduct discovery and trial in this action ("Litigation"), including any appeal thereof.

   b.  **Limited Third-Party Disclosures of CONFIDENTIAL Documents.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to anyone other than "Qualified Persons" defined in paragraph 17 below, which persons receiving Confidential Information shall not make further disclosure to anyone except as permitted by this Order or agreement of the Parties.

   c.  **Additional Restrictions on Disclosure of ATTORNEYS' EYES ONLY Documents.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY documents and information to any third person or entity except the following categories of persons may be allowed to review documents that have been designated ATTORNEYS' EYES ONLY: Qualified Persons identified in paragraphs 17(a), 17(b), 17(d), 17(e), 17(i), 17(j) and 17(k) below, plus a Party's in-house counsel. Said persons receiving Confidential Information designated as Attorneys' Eyes Only shall not make further disclosure to anyone except as allowed by this Order.

4864-3820-5143v.2

Case 1:24-cv-04384-PKC   Document 27   Filed 09/03/24   Page 8 of 20
Case 1:24-cv-04384-PKC   Document 25   Filed 08/30/24   Page 8 of 20

    **d.**    **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

    **e.**    **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the Confidential Information contained in those documents.

    **f.**    **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be governed by Fed. R. Evid. 502.

**9.**    <u>**Challenges by a Party to Designations.**</u> Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidentiality designation with

8

4864-3820-5143v.2

the Court, the objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

10. **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents under Seal**. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is itended to alter or modify the application of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

11. **Action by the Court**. Applications to the Court for an order relating to any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders

9

or other relevant orders. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present at trial CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information derived therefrom, such Party shall provide advance notice to the other Party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Obligations on Conclusion of Litigation.**

   a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. **Return of CONFIDENTIAL or ATTORNEY EYES ONLY Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or ATTORNEY EYES ONLY under this Order, including copies as defined in ¶ 8(e), shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction

10

as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.

      **c.**    **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**14.**    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**15.**    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or

information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

17. **Qualified Persons**. "Qualified Persons" means:

    a. the Judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, and any other judge with jurisdiction over this proceeding or any appeal hereof, including any authorized personnel of such Court;

    b. counsel for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel);

    c. Designated In-house Counsel for the Parties whose access to Confidential Information is necessary for purposes of the Litigation;

    d. Independent third parties retained by counsel for the Parties to provide services in connection with this Litigation, whose access to Confidential Information is necessary for the purposes of preparation, pre-trial discovery, court proceedings, mediation, trial, appeal, settlement or administration of this Litigation;

    e. third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses whose access to Confidential Information is

4864-3820-5143v.2

necessary for purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation;

 **f.** any present employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation;

 **g.** any past employee of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation;

 **h.** witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for trial and/or further investigation;

 **i.** a mediator selected or agreed-upon by the Parties in connection with any attempted resolution of the Litigation;

 **j.** clerical or ministerial service providers, including outside copying services or litigation support personnel, retained by a Party's counsel to assist such counsel in connection with this Litigation;

 **k.** outside counsel of record (including partners, associates, paralegals, employees and persons working at the law firm) in any filed action by and between affiliate(s) of the Parties whose access to Confidential Information is provided by a Party

4864-3820-5143v.2

for purposes of preparation, pretrial discovery, settlement discussions, court proceedings, and trial of this Litigation; or

l.   any other person by Order of this Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Order or further Order of the Court.

18.   **Acknowledgment.** Any Qualified Person identified in paragraph 17 to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed (other than the United States District Judge and any Magistrate Judge assigned to this case, personnel of the Court, any other judge with jurisdiction over this proceeding or any appeal hereof, and individuals identified in sub-paragraphs 17(a), and 17(b)) shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Information is revealed or shown pursuant to this Order, such information may be used only for purposes of this Litigation and may not be used for any other purpose.

19.   **Retroactive Designation.** Confidential Information previously produced before the entry of this Order, if any, shall be retroactively designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to this Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

20.   **Inadvertent Production or Disclosure of Confidential Information.** In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" legend, or Attorneys' Eyes Only information, without the required or

14

"ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Order, subject to the provisions regarding any challenges, if any, to its confidential nature under paragraph 9. Following such notice of an inadvertent production, the producing Party may also substitute any documents that were inadvertently or unintentionally produced without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation for documents containing such designation. Upon such a request for substitution, the receiving Party must destroy or return the unmarked documents to the producing Party within fourteen (14) days.

21. **Privilege.** Nothing in this Order requires a Party to produce or provide information that the Party contends is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other privileged, doctrine, right, or immunity under applicable state or federal law ("Protected Information"). The Parties stipulate and agree to the following provisions regarding Protected Information.

    a. **Applicability of Rule 502 of the Federal Rules of Evidence.** The Parties recognize and agree that Rule 502 of the Federal Rules of Evidence generally applies in the Litigation, and this Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. To the extent that this Order contradicts or is inconsistent with Rule 502, this Order shall govern.

4864-3820-5143v.2

     **b.**    **Inadvertent Production of Protected Information.** Consistent with Rule 502(b) of the Federal Rules of Evidence, the inadvertent or unintentional disclosure of Protected Information shall not be deemed a waiver in whole or in part of the party's claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter. However, nothing in this Order shall be construed to relieve any Party of its burden of establishing the claimed privilege and/or immunity for Protected Information.

     **c.**    **Voluntary Return of Protected Information.** In the event that a Party becomes aware or believes that it has inadvertently received Protected Information ("Disclosed Protected Information"), the Receiving Party shall immediately cease any further review of the Disclosed Protected Information and shall promptly provide written notification to the Producing Party of the possible inadvertent production. Once the Producing Party confirms that the Disclosed Protected Information was inadvertently produced, the Receiving Party shall promptly return or destroy the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed.

     **d.**    **Clawback of Disclosed Protected Information.** In the event that a Producing Party learns that it has inadvertently produced Protected Information, the Producing Party may clawback the Disclosed Protected Information. To do so, the Producing Party must notify the Receiving Party of the inadvertent disclosure in writing and state the basis for the clawback request. Unless the Receiving Party intends to contest the assertion of privilege and/or immunity over the Disclosed Protected Information consist with Paragraph 11(e), the Receiving Party must—within seven (7) days of

16

receiving the written clawback request—must return or destroy all copies of the Disclosed Protected Information and must certify in writing that the Disclosed Protected Information has been returned or destroyed. Within seven (7) days of receiving the written certification of the Disclosed Protected Information's return or destruction, the Producing Party must provide the Receiving Party with a privilege log for the Disclosed Protected Information in accordance with Paragraph 11(f).

e.  **Challenges to a Clawback Request.** If the Receiving Party contests the Producing Party's claim of privilege or immunity over the Disclosed Protected Information, the Receiving Party must—within seven (7) days of receiving the written clawback request—provide written notification to the Producing Party of the challenge and must segregate the Disclosed Protected Information until the dispute is resolved. In accordance with Local Rule 37(E), the Parties shall confer promptly about any challenge to a clawback request and will attempt to resolve the dispute in good faith without court intervention. If the Parties are unable to resolve the dispute, either Party may seek court intervention as provided in Rule 37 of the Federal Rules of Civil Procedure and Local Rules of this Court.

f.  **Privilege Log.** The Parties shall create a log of any and all documents that are withheld or redacted on the basis of attorney-client privilege and/or work-product immunity ("Privilege Log"). The Privilege Log shall be in created in Microsoft Excel format and shall include: (i) a unique privilege log identifier for each document; (ii) an identifier that makes clear the familial relationship of any documents—*e.g.*, emails and attachments thereto; (iii) the date on which the document was create; (iv) the document's author; (v) every document custodian; (vi) the document's file name and file path; (vii)

17

for emails, the email subject line and every recipient of the email; (viii) the claimed privilege and/or immunity; and (vi) the basis of the claimed privileged and/or immunity. Each Party shall produce its Privilege Log in a reasonable time after a document is withheld or redacted on the basis of privilege and/or immunity.

22. **No Waiver of Evidentiary Challenges.** Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

23. **Designations Are Not Evidence.** Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL or CONFIDENTIAL-AEO MATERIALS, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as CONFIDENTIAL or CONFIDENTIAL-AEO MATERIALS does not waive that party's objection to any discovery on the ground that it seeks information protected by Rule 26(c) of the Federal Rules of Civil Procedure or other provision of law.

**SO STIPULATED AND AGREED.**

Dated: August 29, 2024
Cleveland, Ohio

HAHN LOESER & PARKS LLP
*Attorneys for Defendants*

By:_____
Casey McElfresh
Jacqueline A. Meese-Martinez
200 Public Square
Suite 2800
Cleveland, Ohio 44114
(212) 621-0150

Adam J. Petitt

Dated: August 29, 2024
Great Neck, New York

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiff*

By:_____
Andrew L. Zwerling
Joshua M. Zarcone
Robert Rothman
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

18

4864-3820-5143v.2

Robinson & Cole LLP
1650 Market Street
Suite 3030
Philadelphia, PA 19103
(215) 398-0600

SO ORDERED.
/s/ P. Kevin Castel, USDJ
9-3-24

4864-3820-5143v.2

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

| | |
|---|---|
| NYU LANGONE HOSPITALS,<br><br>                    *Plaintiff*,<br><br>    -against-<br><br>AETNA HEALTH, INC., on behalf of itself and its Affiliates,<br><br>                  *Defendant*. | Case No. 1:24-cv-04384-PKC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

By: _____

Name: _____
                (Please print)

Date: _____

4864-3820-5143v.2