UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NYU LANGONE HOSPITALS,                                      24 Civ. 4803 (PKC)

                Plaintiffs,

    -against-

UNITEDHEALTHCARE, INSURANCE COMPANY, et al.,                OPINION AND
                                                        ORDER
                Defendants.
-----------------------------------------------------------------------x
NYU LANGONE HOSPITALS,

                Plaintiff,

                                                          24-cv-4384 (PKC)

    -against-

AETNA HEALTH, INC.,

                Defendant.
-----------------------------------------------------------------------x
CASTEL, U.S.D.J.

        These two actions brought by NYU Langone Hospitals ("NYU Langone") were removed from New York Supreme Court, New York County, by the defendants in each, Aetna Health, Inc. ("Aetna") and UnitedHealthcare Insurance Company, UnitedHealthcare of New York, Inc., and Oxford Health Plans (NY), Inc. ("UnitedHealthcare"). The removing defendants assert that a federal question is presented either expressly or under the Grable-Gunn test.

        This Court requested briefing and argument on the issue of subject matter jurisdiction. (Aetna ECF 19; UnitedHealthcare ECF 24.) For reasons addressed by the Court on January 15, 2024, and briefly reviewed here, the Court concludes that it lacks subject matter jurisdiction and the two cases will be remanded to state court.

DISCUSSION

On their face, the Complaints against the two defendants purport to raise only state law claims for breach of contract, unjust enrichment and quantum meruit. There is no allegation of diversity jurisdiction. Defendants assert that lying beneath the surface of the pleadings are federal claims. The Second Circuit has observed that, while there are exceptions to the well-pleaded complaint rule, "our precedents make clear that they are tightly circumscribed." State of Connecticut v. Exxon Mobil Corp. 83 F.4th 122, 133 (2d Cir. 2023). The claimed exception in these actions is whether "the vindication of a state-law right necessarily turns on a question of federal law." Id. Under that exception, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013) (citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005)).

The parties do not dispute that certain contracts between NYU Langone and defendants govern the furnishing of certain pharmaceuticals and other related products and services to patients covered by defendants' Medicare Advantage plans. These private agreements incorporate by reference a reimbursement scheme utilized by the Centers for Medicare and Medicaid Services ("CMS") to reimburse so-called 340B hospitals. NYU Langone is not a 340B hospital for the purpose of these actions and seeks no reimbursement from CMS. Rather, NYU Langone asserts and defendants do not dispute that the reimbursement rates used by CMS to pay 340B hospitals were incorporated by reference as a pricing mechanism in the private contracts between NYU Langone and Aetna and UnitedHealthcare, who are Medical Advantage providers.

The private nature of these contracts is consistent with a statute limiting the authority of the Secretary of Health and Human Services. The Secretary and CMS are barred from imposing a price structure on contracts between a hospital and a Medicare Advantage provider, such as those at issue in these actions:

> In order to promote competition under this part and part D and in carrying out such parts, the Secretary may not require any MA [Medicare Advantage] organization to contract with a particular hospital . . . to furnish items and services under this subchapter or require a particular price structure for payment under such a contract to the extent consistent with the Secretary's authority under this part.

42 U.S.C. § 1395w-24(a)(6)(B)(iii).

The present dispute arose because of a challenge to the manner in which CMS reimbursed 340B hospitals. The Supreme Court found that CMS had not properly set reimbursement rates for 340B hospitals and remanded the case for further proceedings. American Hospital Assoc. v. Becerra, 596 U.S. 724, 739 (2022). It suffices to note that, following Becerra, CMS issued a final rule providing a remedy for those entities that had been shortchanged by the reimbursement rates utilized by CMS (the "Final Remedy Rule"). 88 Fed. Reg. 77,150 (Nov. 8, 2023). The commentary to the Final Remedy Rule made it plain that the rule had no direct application to private contracts with Medicare Advantage providers:

> . . . CMS may not require MAOs [Medicare Advantage Organizations] to contract with a particular healthcare provider or use particular pricing structures with their contracted providers. Therefore, MAOs that contract with a provider or facility eligible for 340B drugs can negotiate the terms and conditions of payment directly with the provider or facility and CMS cannot interfere in the payment rates that MAOs set in contracts with providers and facilities.

Id. at 77, 184.

The crux of NYU Langone's Complaints is that its private agreements with Aetna and UnitedHealthcare incorporated the pricing system and reimbursement methodology utilized

by CMS and condemned in Becerra and therefore defendants are liable for breach of contract. They further argue that the specific remedy set forth in the Final Remedy Rule should be applied to these private contracts as a matter of contract interpretation. NYU Langone's claims arise under state law and will have no binding impact on future interpretation of any federal statute or rule. The statute and rules governing reimbursement of 340B hospitals are tangential to the core dispute and hence insubstantial. Applying the Grable-Gunn test, the absence of a "substantial" federal issue is fatal to the invocation of federal question jurisdiction by Aetna and UnitedHealthcare.

The Court further concludes that defendants' invocation of the federal-officer removal statute fails. 28 U.S.C. § 1442(a)(1). Aetna and UnitedHealthcare urge that the claims for unjust enrichment and quantum meruit expose them to the possibility that NYU Langone will seek to impose CMS reimbursement rates and the Final Remedy Rule as a matter of federal law.[1] That is not the position of NYU Langone in raising these state law claims. Rather, as it explained on the record, its view is that if there is silence in the language of the private contracts, then NYU Langone may utilize the theories of unjust enrichment and quantum meruit to fill the void. Transcript of Jan. 15, 2025 at 13 ("What we're saying is if the contract does not address the issue of, then you plead in the alternative under equitable principles."). Whether NYU Langone is correct that these theories of liability may be used to fill gaps in contracts is a purely state-law issue.

---

[1] The argument is that seeking reimbursement from defendants on a non-contractual basis would effectively make the defendants the equivalent of federal officers. Because the Complaints do not allege direct extra-contractual liability under federal law, the Court need not further analyze defendants' claims.

CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over these two actions. The two actions are accordingly remanded to the Supreme Court of the State of New York, County of New York, from where they were removed. The Clerk is directed to transfer the actions and close the case in this Court.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 16, 2025